UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GRIGGS,

    Petitioner,

v.

Case No. 1:07-cv-920
Hon. Gordon J. Quist

WILLIE SMITH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

On May 23, 2006, petitioner pled guilty to prison escape, contrary to M.C.L. § 750.193. *See* Plea Trans. (docket no. 14). The court entered into a *Cobbs* agreement,[1] indicating that petitioner's minimum sentence would not exceed 28 months. *Id.* at pp. 4-5. At sentencing, petitioner took the position that there was no victim to the crime and that the trial court should not score 10 points for offense variable (OV) 9, which adds to the guideline score by taking into account the victims of the crime. Sent. Trans. at p. 3 (docket no. 15). Under this variable, a victim includes

---

[1] A "*Cobbs* agreement" refers to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which "the Michigan Supreme Court authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 Fed.Appx. 701, 703, fn. 1 (6th Cir. 2007).

"each person who was placed in danger of injury or loss of life." M.C.L. § 777.39(2)(a).[2] The convicted defendant is scored 10 points where 2 to 9 victims are involved. *See* M.C.L. § 777.39(1)(c). At sentencing, defense counsel admitted that petitioner had escaped from the prison facility, was captured and then returned to the facility. Sent. Trans. at p. 3. In response, the prosecutor stated: that two officers had to enter a river to get petitioner out; that it was October and the river was "not exactly warm"; that petitioner refused to come out of the river; that the officers had to enter the river and literally drag him out; and that a number of other officers were searching in the woods. *Id.* at pp. 3-4. The court agreed with the prosecutor that the two officers fit the definition of victims for purposes of OV 9. *Id.* at p. 4. After calculating the sentencing guidelines, and in accordance with the *Cobbs* agreement, petitioner was sentenced to a term of 28 to 60 months imprisonment. *Id.* at p. 20.

Petitioner, through counsel, raised the following issues in his delayed application for leave to appeal to the Michigan Court of Appeals:

I. Must Mr. Griggs be re-sentenced where offense variables 9 and 19 were scored erroneously, as incorrect scoring violates defendants' rights at sentencing under the state and federal constitutions, US Const, Ams V, VI, XIV; CONST 1963, Art 1, §§ 17, 20?

II. Is Mr. Griggs entitled to re-sentencing because the statutory sentencing guidelines were scored as to offense variables 9 and 19 in violation of the Sixth and Fourteenth Amendments?

*See People v. Anthony Lee Griggs*, No. 273069 (Mich. App.) (docket no. 15). In an order entered October 19, 2006, the Michigan Court of Appeals denied the delayed application for lack of merit

---

[2] The court notes that M.C.L. § 777.39 was amended by P.A. 2006, No. 548, eff. March 30, 2007, to specifically address physical injury and property loss. Because petitioner was sentenced under the pre-March 30, 2007 version of the statute, the court will refer to the version of the statute in effect at that time.

in the grounds presented. *Id.* Petitioner, through counsel, raised the same two grounds in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Anthony Lee Griggs*, No. 132531 (Mich. Feb. 27, 2007) (docket no. 17).

Griggs subsequently filed a petition for habeas corpus in this court, raising the following grounds (in his words):

> I. Scoring OV#9, 777.39 M.C.L. count each person who was placed in danger of injury or loss of life as a victim.
>
> II. Conviction by guilty plea unlawfully induced and not made voluntarily with consequences of the plea.
>
> III. Conviction obtained by use of coerced confession.
>
> IV. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> V. Conviction obtained by a violation of the privilege against self-incrimination.
>
> VI. Conviction by unconstitutional failure of the prosecution to disclose evidence favorable to petitioner.
>
> VII. Denial of effective assistance of counsel and the right of appeal.

*See* docket no. 1.

After respondent moved to dismiss the petition for including unexhausted claims, petitioner moved to amend the petition to remove those claims. *See* docket nos. 7 and 9. The court granted petitioner's motion to amend, and dismissed Issues II, III, IV, V, VI and VII. *See* docket no. 18. This matter is now before the court on petitioner's Issue I.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement with respect to the habeas claims.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v.*

*Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Discussion

Petitioner's habeas claim involves his disagreement with the state court's scoring of the sentencing guidelines under OV 9. In the state appeal, petitioner argued that 10 points were erroneously scored under this offense variable, because the basis for the factual findings or conclusions supporting OV 9 "was not proved to a jury beyond a reasonable doubt nor admitted by a plea." Appl. for leave to appeal at p. 14. Petitioner construed this error as a violation of his Sixth Amendment right to jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004) and an unconstitutional denial of due process under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* Petitioner set forth similar legal arguments in this habeas action, claiming that his sentence violated state law, violated the Supreme Court's decisions in *Blakely* and *Apprendi*, and violated the due process clause because the court imposed a sentence based on inaccurate information. *See* Memorandum of law and Reply (docket nos. 2 and 20).

### A. Inaccurate sentencing information

Defendants have a federal due process right to a sentence based upon accurate information. *United States v. Tucker*, 404 U.S. 443, 447(1972) ("we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude"); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("[i]t is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process"). "To demonstrate a due process violation 'the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence.'" *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002), quoting *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir.1992) (emphasis deleted) and *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir.1990)). The evidence relied upon at sentencing can pass the due process requirement provided that it bears "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115. Petitioner contends that his sentence was based upon unspecified "inaccurate information" which "permeates Petitioner's permanent MDOC file." Petitioner's Reply at p. 2 (docket no. 20). Other than this conclusory observation, petitioner has failed to identify any materially false or unreliable information used to determine his sentence. To the extent that petitioner contends that the court erroneously counted the police officers as victims, his claim presents a matter of state law. *See* discussion, *infra*. Accordingly, petitioner's due process claim should be denied.

### B. State law claims

Petitioner contests the trial court's scoring of his minimum sentence under Michigan's sentencing guidelines. Specifically, petitioner contends that he should have received a "0" under OV 9, because there were no victims to the crime. Petitioner's claim is not cognizable on federal habeas review. This court's habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts performing habeas review do not act as "super-appellate state courts." *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Even if the trial court had reached an erroneous decision on this issue, federal habeas corpus relief does not lie for an error in computing a prisoner's sentence under state law. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) ("[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (the actual computation of a prison term involves a matter of state law that is not cognizable under § 2254); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Furthermore, petitioner's reference to the alleged error as a violation of the due process clause does not transform this state sentencing issue into a federal claim. *See, e.g., Austin*, 213 F.3d at 301(in rejecting petitioner's claim that the trial court's departure from the sentencing guidelines violated his federal due process rights during sentencing, the court noted that petitioner

failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and was "unable to substantiate a single violation of any of his constitutional guarantees to due process"). Petitioner's state law claim is not cognizable on federal habeas review.

### C. Federal claims under *Blakely* and *Apprendi*

Finally, petitioner contends that his sentence violates the Supreme Court's decisions in *Blakely* or *Apprendi*. *Blakely* involved the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the State of Washington's mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's contention that his sentence violates *Blakely* or *Apprendi* is without merit. This court has rejected similar claims on the ground that the rules announced in these two Supreme Court decisions do not apply to sentences issued by Michigan courts under the state's indeterminate sentencing scheme. *See, e.g., Green v. Lafler*, No. 1:08-cv-358, 2010 WL 161002 (W.D. Mich. Jan. 8, 2010); *Tafil v. Burt*, No. 1:08-cv-590, 2009 WL 4908531 (W.D. Mich. Dec. 11, 2009); *Tillman v. Howes*, No. 1:06-cv-100, 2008 WL 4286065 (W.D. Mich. Sept. 12, 2008). The Sixth Circuit has recently reached the same conclusion. *See Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010) (Michigan's indeterminate sentencing scheme "does not violate [the criminal defendant's] due

process rights or his right to a jury trial" under *Blakely*); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum). Petitioner is not entitled to federal habeas relief on this claim.

### IV.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: June 11, 2011           /s/ Hugh W. Brenneman, Jr.
                               Hugh W. Brenneman, Jr.
                               U.S. Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).